**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARGARET LUCY GAUTHIER,

Appellant,

v.

DOONAN, GRAVES & LONGORIA LLC;
et al.,

Appellees.

No. 15-17500

D.C. No. 3:15-cv-02973-WHA

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted May 8, 2017[**]

Before:     REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

Margaret Lucy Gauthier appeals pro se from the district court's judgment

affirming the bankruptcy court's order denying her motion for contempt against

appellees for alleged violations of the discharge injunction.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 158(d).  We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision.  *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990).  We affirm.

The bankruptcy court did not abuse its discretion by denying Gauthier's motion for contempt because Gauthier failed to demonstrate that appellees violated the discharge injunction by pursuing *in rem* proceedings.  *See Diaz-Barba v. Diaz-Barba, (In re Icenhower)*, 755 F.3d 1130, 1138 (9th Cir. 2014) (setting forth standard of review); *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (moving party has the burden to show by clear and convincing evidence that the contemnor violated a specific and definite order of the court); *see also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991) (a discharge injunction extinguishes only personal liability and leaves intact an action against the debtor *in rem*).

We reject as without merit Gauthier's contention regarding the district court's judicial notice of documents filed in the bankruptcy court proceeding.

Gauthier's requests for judicial notice (Docket Entry Nos. 29, 30, and 34) are denied.  To the extent that these filings include arguments not raised in the

2                                                                                           15-17500

opening brief, such arguments are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Appellee Doonan, Graves & Longoria LLC's ("DG&L") request to "strike the appeal," set forth in its answering brief, is denied. Gauthier's request to strike DG&L's answering brief, set forth in the reply brief, is denied.

**AFFIRMED.**